UNITED STATES of America,
Plaintiff–Appellee,

v.

Isai Julian CONSTANTINO–ORNELAS,
Defendant–Appellant.

No. 14–50108.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 23, 2014.*

Filed Sept. 30, 2014.

Lawrence Casper, Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: W. FLETCHER, RAWLINSON and CHRISTEN, Circuit Judges.

MEMORANDUM **

Isai Julian Constantino–Ornelas appeals from the district court's judgment and challenges the nine-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Constantino–Ornelas contends that the district court procedurally erred by failing to explain the sentence adequately and to address his arguments in mitigation. We

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review for plain error, *United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir.2006), and find none. Even if we were to review de novo, we would affirm the district court. The record reflects that the court took Constantino–Ornelas's sentencing arguments into consideration and adequately explained the sentence. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc). The reasons for imposing the sentence, including the seriousness of Constantino–Ornelas's breach of trust and the need to deter, are apparent from the record. *See id.* (adequate explanation may be inferred from the record as a whole).

Constantino–Ornelas next contends that the sentence is substantively unreasonable in light of his alleged motive for the violation and his asserted low risk of recidivism. The district court did not abuse its discretion in imposing Constantino–Ornelas's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Constantino–Ornelas's immigration history. *See* U.S.S.G. § 7B1.3(f); *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.